# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| JAMES TERRELLE HEMPHILL ) | Bankruptcy No. 11 B 49711 |
|       Debtor. ) | |
| ) | |
| JAMES TERRELLE HEMPHILL ) | |
|       Plaintiff, ) | |
| v. ) | Adversary No. 11 A 02690 |
| ) | |
| LINN COUNTY IOWA and LINN COUNTY ) | |
| CLERK OF CIRCUIT COURT OF IOWA ) | |
|       Defendant. ) | |

## MEMORANDUM OPINION ON DEBTOR/PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

### BACKGROUND

In this case, the Chapter 7 Debtor/Plaintiff James Hemphill ("Plaintiff") has moved for a Preliminary Injunction against Linn County, Iowa ("County"), and the Court Clerk thereat on the asserted basis that the County and its officials are preventing Plaintiff from getting his driver's license reinstated despite the automatic bankruptcy stay. Plaintiff filed this Adversary proceeding requesting relief against the County for its asserted stay violation. Plaintiff alleges he contacted the County officials several times to tell them of his bankruptcy case and that its continued efforts to collect on outstanding fine or fines constitutes a violation of the automatic stay. Plaintiff's efforts were rebuffed as he was told that he is still required to pay the fine balance due, regardless of this bankruptcy case. Plaintiff did not plead or attach any information or documents showing why a fine or fines may be owed to the County, but he stated in court that the fines were based on traffic offenses.

## LEGAL ISSUE

The legal issue presented is whether the County may refuse to lift the restriction it assertedly obtained on Plaintiff's driver's license until the fines are paid. When it files its response to the Complaint, due by February 2, 2012, the County may argue that its actions are excepted from the stay under 11 U.S.C. § 362(b)(4). Under that provision, the automatic stay does not apply to the:

> ... commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.

This exception is treated narrowly. *In re Kuck*, 111 B.R. 995, (Bankr. S.D. Ala. 1990) (citing legislative history and applying to a case involving the debtor's driver's license). A governmental unit may pursue actions against the debtor but it may not enforce a money judgment or exert control over property of the estate without first obtaining relief from the stay unless it is seeking compliance with a federal or state law.

To determine whether an action is excepted from the automatic stay, courts have applied two tests. First, the <u>pecuniary purpose test</u> questions whether the governmental unit is pursuing a matter of public safety or welfare or pursuing its own pecuniary interest. *Collier on Bankruptcy*, P 362.05. Second, the <u>public policy test</u> questions whether the government action is intended to effectuate public policy or instead to adjudicate private rights. *Id.* Both tests essentially ask the same question: whether there some motivation other than a purely financial one for the government entity's action. If so, the action may be excepted from the stay. In this case, therefore, the County may not continue

to collect on the fines if it is only seeking to recover payments that are due. Examples of actions excepted from the automatic stay include: pursuance of state bar disciplinary proceedings, employment discrimination actions, enforcement of water quality control standards, and enforcement of pre-petition awards of sanctions imposed by courts. *Id.*

Additionally, as seen in a case recently, collection of domestic support obligations is excepted from the automatic stay under 11 U.S.C. § 362(b)(2). Indeed, 11 U.S.C. § 362(b)(2)(D) explicitly provides that withholding, suspending, or otherwise restricting a debtor's driver's license is excepted from the automatic stay when done to collect a domestic support obligation.

The Debtor in this case stated in Court that the fines against him were traffic related. However, when ordered to produce records identifying the nature of offenses giving rise to fines imposed that Linn County is seeking to collect, Debtor/Plaintiff failed to appear on the date set for him to produce those records.

This Adversary proceeding and Motion for Preliminary Injunction is set **February 2, 2012 at 10:30 a.m.** in courtroom 682, the summons return date, to see whether Debtor/Plaintiff will produce the records as ordered and to review any pleading filed by the Defendants. Without the ordered records and more facts pleaded concerning the fines, the present Complaint by itself does not present a plausible pleading that shows whether or not the stay may apply. Absent production of those records or additional information pleaded, the Complaint may be considered for dismissal for failure to state a cause of action.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of January 2012.

- 3 -

11 A 02690
Hemphill v. Linn County Iowa

# CERTIFICATE OF SERVICE

I, Dorothy Clay certify that on January 27, 2012, I caused to be served copies of the foregoing document to the following by regular U.S. mail:

*Dorothy Clay*
Secretary/Deputy Clerk

## First Class Mail

James T. Hemphill
14518 Cottage Grove, #1E
Dolton, IL 60419
Debtor/Plaintiff Pro Se

Chairman of Board of Supervisors
Attn: Ben Rogers
Linn County West, First Floor
2500 Edgewood Road, S.W.
Cedar Rapids, IA 52406

Linn County Auditor
Attn: Joel Miller
P.O. Box 1328
Cedar Rapids, IA 52406-1328